**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| GERRY W. FOWLER, SR., Plaintiff, v. THE UNITED STATES, Defendant. | No. 26-570<br>Filed: August 6, 2026 |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Gerry W. Fowler, Sr., a retired member of the United States Navy, challenges the Board for Correction of Naval Records' ("BCNR" or "Board") 2026 denial of his request to reconsider his application for correction of military record to reflect disability retirement. Before the Court is the Government's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The Government contends that Plaintiff's claim is barred by the statute of limitations because more than six years have elapsed since its accrual or, alternatively, that Plaintiff's claim is barred under *res judicata* principles because the Court previously decided the jurisdictional issue raised by Plaintiff's Complaint. For the reasons stated below, the Court **GRANTS** the Government's Motion to Dismiss.

# I. BACKGROUND

## A. Factual History

This Opinion assumes the reader's familiarity with the Court's decision in *Fowler v. United States* (*Fowler I*), 174 Fed. Cl. 423 (2025), which dismissed Plaintiff's previous disability retirement claim based on similar facts for lack of subject-matter jurisdiction. Plaintiff enlisted in

the Navy in 1974 and was subsequently diagnosed with paranoid schizophrenia on August 17, 1991. *Id.* at 426; *see also* Pl.'s Compl. ¶¶ 17, 61, ECF No. 1. His condition triggered hallucinations, paranoid delusions, and several hospitalizations. *Fowler I*, 174 Fed. Cl. at 426; ECF No. 1 ¶ 18. On October 22, 1991, the Department of the Navy's Physical Evaluation Board ("PEB") found that Plaintiff's schizophrenia diagnosis made him not physically qualified for service ("NPQ"). *Fowler I*, 174 Fed. Cl. at 426; ECF No. 1 ¶ 20. The PEB indicated that Plaintiff would be discharged or transferred to a retirement status. *Fowler I*, 174 Fed. Cl. at 426. On December 3, 1991, Plaintiff received a document outlining the PEB's findings, which he initialed to indicate that he accepted the determination and did not request reconsideration. *Id.* In 1992, Plaintiff was medically separated from the Navy, transferred to retired service without pay, and placed on the Temporary Disabled Retirement List ("TDRL"). *Id.*

In 1995, Plaintiff filed his first petition with the BCNR, in which he sought to be removed from the TDRL and placed on the Permanent Disability Retirement List ("PDRL"). *Id.* at 426–27. The BCNR denied this petition. *Id.* at 427. Between 1995 and 2019, Plaintiff submitted additional petitions and requests for reconsideration asking that the Board correct his military record and grant him disability retirement. *Id.* After the Board's 2020 denial, Plaintiff filed a complaint in the Court of Federal Claims on December 8, 2023. *Id.*; ECF No. 1 ¶ 16. He sought damages for back pay and benefits or, in the alternative, a remand back to the BCNR. *See* Pl.'s Compl. at 11, *Fowler v. United States*, No. 23-2095 (Fed. Cl. Dec. 8, 2023), ECF No. 1. Upon review, this Court held that it lacked subject-matter jurisdiction as Plaintiff's disability retirement claim accrued in 1992, more than 30 years prior to the filing of the complaint. *See Fowler I*, 174 Fed. Cl. at 429. The Court accordingly granted the Government's motion to dismiss for lack of subject-matter jurisdiction on January 6, 2025. *Id.* at 431.

Later the same year, Plaintiff submitted another application for reconsideration to the BCNR. *See* Exs. to Pl.'s Compl. at 12–22, ECF No. 1-2. Plaintiff claims that this application contained new evidence demonstrating his eligibility for disability retirement, which he obtained through a Freedom of Information Act ("FOIA") request. *See id.* at 15–22; ECF No. 1 ¶¶ 12–13. Plaintiff requested that the Board re-open his case, correct his military record, place him on the PDRL, and grant him back pay and benefits. ECF No. 1-2 at 18. The Board denied his request on March 23, 2026, because it was "unable to find sufficient new evidence, other matters not previously considered by the Board, or material not available when [Plaintiff] submitted [his] previous application." *Id.* at 10. The BCNR therefore determined that there was nothing for it to adjudicate, and it administratively closed Plaintiff's case. *Id.*

**B. Procedural History**

Plaintiff filed his Complaint on April 16, 2026, arguing that the BCNR's 2026 denial was arbitrary, capricious, contrary to law, and unsupported by substantial evidence. ECF No. 1 ¶ 36. Plaintiff specifically attacks the Board's alleged failure to apply the correct statutory standard, *id.* ¶¶ 38–40; meaningfully engage with the arguments and evidence presented by Plaintiff, *id.* ¶¶ 41–50; and provide a reasoned explanation for its decision, *id.* ¶¶ 51–57. In addition, Plaintiff presents arguments as to why he is entitled to disability evaluation and retirement processing. *Id.* ¶¶ 58–71. According to Plaintiff, the BCNR's 2026 denial constitutes an independently reviewable agency action because it involved legal wrongs that are distinct from what the Court resolved in *Fowler I*. *Id.* ¶¶ 12, 16. As relief, Plaintiff requests a correction of his military record, placement on the PDRL, and back pay and benefits or, alternatively, a remand back to the BCNR. *Id.* at 10.

On June 11, 2026, the Government filed a Motion to Dismiss pursuant to RCFC 12(b)(1) and 12(b)(6). Gov't's Mot. to Dismiss at 1, ECF No. 8. The Government argues that the Board's

2026 denial did not create a new claim; and thus, the action is barred by the statute of limitations because Plaintiff's claim to disability retirement accrued in 1992. *Id.* at 4–7. Alternatively, the Government claims that Plaintiff's suit is barred under *res judicata*, as the Court has already determined the jurisdictional questions that govern Plaintiff's ability to bring this new suit. *Id.* at 8–10.

Plaintiff filed his response on June 26, 2026, reiterating his contention that the BCNR's denial is independently reviewable and claiming this suit does not involve a previously answered jurisdictional question because it challenges a new final decision involving a legal error separate from *Fowler I*. Pl.'s Opp'n to Gov't's Mot. to Dismiss at 2–3, 8–9, ECF No. 10; *see also* ECF No. 1 ¶¶ 14, 16, 34, 71–72. Specifically, Plaintiff argues that the BCNR failed to follow 10 U.S.C. § 1552(a)(3)(D), which mandates that the Board reconsider a prior determination if an applicant's request for reconsideration is supported by materials not previously presented to or considered by the Board. *See* ECF No. 10 at 7–10.

The Government filed its reply on July 10, 2026, stating that, regardless of the Board's alleged errors in connection with its 2026 denial, Plaintiff is seeking disability retirement, a claim that accrued in 1992. *See* Gov't's Reply in Supp. of Mot. to Dismiss at 2–3, ECF No. 11. Because the Board's most recent decision did not restart the limitations period or establish grounds for a new cause of action, the Government asserts that Plaintiff's claims are time-barred. *Id.* at 3. The motion is fully briefed and ready for decision.

## II. LEGAL STANDARDS

### A. Court of Federal Claims Jurisdiction

As provided by the Tucker Act, this Court has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or

any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Even if a substantive law is identified, all claims filed in this Court must be brought within six years of when the claim first accrues. *See* 28 U.S.C. § 2501; *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005). The limitations period is jurisdictional and not subject to equitable tolling. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

**B. Dismissal for Lack of Jurisdiction**

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Before the Court can reach the merits of a plaintiff's claim, it must first assure itself of the existence of subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). If the Court lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); RCFC 12(b)(1). When considering a motion to dismiss pursuant to RCFC 12(b)(1), the Court will accept the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)). If the motion mounts a factual challenge to the complaint's jurisdictional basis, "only uncontroverted factual allegations are accepted as true." *Cedars-Sinai Med. Ctr.*, 11 F.3d at 1583. While the Court holds pro se plaintiffs to a less stringent standard than

plaintiffs with attorney representation, pro se plaintiffs still bear the burden to establish the Court's jurisdiction by a preponderance of the evidence. *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### C. Dismissal for Failure to State a Claim

In addition to demonstrating jurisdiction, a plaintiff must allege enough factual material in his complaint to support the plausibility of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Dismissing a claim pursuant to RCFC 12(b)(6) for failure to state a claim is thus "appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When considering a motion under RCFC 12(b)(6), the Court will "accept as true all the factual allegations in the complaint" and draw "all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). However, if a legal conclusion is disguised as a factual conclusion, the Court is not bound to accept it. *See Acceptance Ins. Cos. Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

The Court lacks jurisdiction to hear Plaintiff's disability retirement claim as it was filed after the Court's six-year statute of limitations had passed and because Plaintiff fails to demonstrate that the limitations period restarted or that a new claim arose from the BCNR's 2026 denial. Accordingly, the Court must dismiss Plaintiff's Complaint for lack of jurisdiction. Plaintiff's claim is additionally barred by *res judicata*, as the Court in *Fowler I* previously resolved

the jurisdictional issues relevant to the question of when Plaintiff's disability retirement claim accrued.

**A. The Court Lacks Jurisdiction to Hear Plaintiff's Claim as the Six-Year Statute of Limitations Has Run.**

Ultimately, Plaintiff's Complaint asks the Court to award him disability retirement pay and benefits despite the Court's previous ruling that his claim is barred by the statute of limitations. *See* ECF No. 1 at 10 (requesting record correction, placement on the PDRL, back pay, and benefits); *see also id.* ¶ 8 ("Plaintiff seeks correction of records, disability retirement under 10 U.S.C. § 1204, and back pay."). All claims brought before the Court of Federal Claims are subject to a six-year statute of limitations. *See* 28 U.S.C. § 2501. The limitations period begins to accrue "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). When a service member seeking disability retirement "requested review by an appropriate board [before discharge] and the request was denied, or if the board heard the service member's claim and denied it, then the limitations period begins to run upon discharge." *Chambers*, 417 F.3d at 1225 (citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990)).

As the Court explained in *Fowler I*, in 1991 Plaintiff received the PEB's findings that he was NPQ due to his schizophrenia diagnosis and initialed a document stating that he did not request reconsideration. 174 Fed. Cl. at 426. Since the PEB had authority to issue Plaintiff's disability determination, Plaintiff's "claim accrued at the time of his separation in 1992," as "at that time his claim for disability retirement pay had been considered and denied by an appropriate board." *Id.* at 429. Thus, any disability retirement claim filed by Plaintiff in this Court after 1998, including

his prior 2023 action and the instant case, is barred by the statute of limitations.[1] *See id.* at 429–30.

The Board's most recent 2026 decision declining to reconsider Plaintiff's application for disability retirement does not disturb that conclusion. It is well established that subsequent Board decisions do not alter the limitations period barring the Court's jurisdiction to review Plaintiff's disability retirement claim. *Real*, 906 F.2d at 1560 ("A subsequent petition to the corrections board does not toll the running of the limitations period; nor does a new claim accrue upon denial of the petition by the corrections board[.]" (citation omitted)); *Martinez*, 333 F.3d at 1304 ("[A] permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action[.]"). Nor do subsequent board decisions provide new causes of action for disability retirement. *Friedman v. United States*, 159 Ct. Cl. 1, 26 (1962) ("[I]t does not follow from the general existence of judicial review for Correction Board decisions that those decisions create a new substantive cause of action which has its own, new, limitations period."); *Fowler I*, 174 Fed. Cl. at 429 (noting that a later board decision denying a request for reconsideration does not give rise to a new claim (citing *Real*, 906 F.2d at 1560)).

In *Martinez*, a retired service member made arguments analogous to those asserted by Plaintiff, contending that he could challenge the reviewing board's decision not to grant him relief, as it gave rise to a "separate cause of action." 333 F.3d at 1311. The Federal Circuit rejected this argument:

> The problem with Mr. Martinez's 'second cause of action' theory is that in order for Mr. Martinez's claim to be within the Tucker Act jurisdiction of the Court of Federal Claims, it had to be for money owing to him, and the only money that he

[1] Even using the alternative accrual date of the first BCNR decision denying Plaintiff's disability retirement claim (*i.e.*, August 31, 1995), this suit is time barred. *See Fowler I*, 174 Fed. Cl. at 429 n.5 (holding in the alternative that Plaintiff's claim became time barred as of September 1, 2001).

> claims is owing to him is the back pay withheld from the date of his separation from active duty in February 1992 and the forfeiture of pay pursuant to his Article 15 punishment in 1991. If he is entitled to the money that forms the basis for his Tucker Act suit, that right accrued in 1991 and 1992 when he was deprived of the money that is the subject of the action, not in 1995 when the Correction Board in effect reaffirmed the Army's decision that he was not entitled to those funds.

*Id.* The same logic applies here. For the Court to have jurisdiction, Plaintiff must claim entitlement to monetary relief. Like the plaintiff in *Martinez*, Plaintiff's monetary claim is connected to the military's determination that he was NPQ and its decision to transfer Plaintiff to retired service without pay in 1992, not the Board's subsequent actions to affirm that decision. *See id.* at 1313 (noting that the board's adverse decision "did not cause [the plaintiff] monetary injury, but merely failed to remedy the injury he had previously suffered"). Plaintiff may be entitled to apply for reconsideration by the Board, but this "permissive administrative remedy . . . does not affect the time period for which Congress has waived sovereign immunity and permitted judicial relief to be sought." *Id.* at 1312.

Although the Federal Circuit has suggested that a request for reconsideration to a correction board based on new evidence may provide a basis to restart the limitations period for a disability retirement claim, this does not save Plaintiff's Complaint. *See Smalls v. United States*, 298 F. App'x 994, 996 (Fed. Cir. 2008) (noting that "[a] petition for reconsideration by the Board does not restart the statute of limitations unless there is a showing of new evidence or changed circumstances" (citing *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 278–79 (1987))). Said evidence must be presented to the board within a short or reasonable time. *See id.* ("[A] two-year delay in petitioning for reconsideration by the Board 'clearly exceeds the short or reasonable period which serves to deprive an administrative decision of finality for statute of limitations purposes.'" (quoting *Van Allen v. United States*, 236 F. App'x 612, 614–15 & n.2 (Fed. Cir. 2007))). Although *Smalls* does not clearly define what constitutes a "short or reasonable

time," it found that the plaintiff's request for reconsideration was "long past the point of reasonableness" when the plaintiff presented his new evidence to the board 15 years after the board's final decision denying his application. *Id.* at 997. Plaintiff filed his most recent request for reconsideration 33 years after his claim accrued and 30 years after his first petition to the BCNR was denied. And while Plaintiff's recent submission included a FOIA response letter dated February 12, 2025, *see* ECF No. 1-2 at 59–60, the underlying records submitted to the Board were created between 1990 and 2010. Plaintiff accordingly cannot meet the "short or reasonable time" standard.

Plaintiff attempts to get around the jurisdictional bar by invoking 10 U.S.C. § 1552 as the basis for his suit. Despite his requests for monetary relief, Plaintiff alleges that this case does not directly turn on Plaintiff's eligibility for disability retirement but rather "whether the [Board] was required to evaluate Plaintiff's unfitness . . . based on the record before it." ECF No. 1 ¶ 8. According to Plaintiff, the Board committed "a new legal error" by failing to consider his reconsideration request as required by 10 U.S.C. § 1552(a)(3)(D), which mandates reconsideration if a petition is supported by materials not previously presented to or considered by the board. ECF No. 10 at 2. Plaintiff contends that this claim cannot be barred by the statute of limitations because the Board's 2026 denial constitutes an independently reviewable agency action. *See id.* at 3 (arguing that the authorities barring stale re-litigation of the same monetary claim do not foreclose limited judicial review of the Board's refusal to properly follow § 1552(a)(3)(D)); *see also id.* at 8, 10. Plaintiff further argues that "[t]he prior case could not have adjudicated the legality of a March 2026 agency action that did not yet exist." *Id.* at 2.

Although the Federal Circuit has acknowledged that 10 U.S.C. § 1552 "mandates the payment of money if the correction board concludes that the service member's discharge was

unlawful, section 1552 is not the 'money-mandating' statute that gives rise to the cause of action that provides the basis for a Tucker Act suit in the Court of Federal Claims." *Martinez*, 333 F.3d at 1315. Here, the Board did not grant Plaintiff relief, and his attempt to state a stand-alone challenge to the Board's alleged refusal to follow statutory rules does not have a money-mandating basis. Like the plaintiff in *Martinez*, the only money Plaintiff claims is owed to him is the back pay and benefits resulting from his separation without disability retirement. According to the Complaint, the money-mandating basis for that claim is 10 U.S.C. § 1204, *see* ECF No. 1 ¶ 10, and any claim under that statute accrued in 1992. Thus, the Board's alleged failure to comply with § 1552(a)(3)(D) in issuing its 2026 denial does not enable Plaintiff to circumvent the statute of limitations and sue in this Court. Despite Plaintiff's attempt to delineate a new cause of action, the only potential basis for the Court's jurisdiction is his disability retirement claim, which is time barred. Without the subject-matter jurisdiction necessary to hear Plaintiff's dispute, the Court "must dismiss the action." RCFC 12(h)(3).

**B. Because the Court Previously Determined the Jurisdictional Issues Relevant to Plaintiff's Claim, the Suit Is Alternatively Barred by *Res Judicata*.**

In the alternative, the Government claims the doctrine of *res judicata* can be used to dismiss Plaintiff's claim pursuant to RCFC 12(b)(6). ECF No. 8 at 8. After a previous dismissal for lack of subject-matter jurisdiction, if an additional, related complaint is filed, *res judicata* may constitute a ground for dismissing the action. *See First Mortg. Corp. v. United States*, 961 F.3d 1331, 1342–43 (Fed. Cir. 2020); *Grasty v. U.S. Pat. and Trademark Off.*, 211 F. App'x 952, 953–54 (Fed. Cir. 2007). To establish that a claim is barred by *res judicata*, a party must show that: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

The Government argues that all three elements are met here, as (1) the parties are identical; (2) the Court's previous decision in *Fowler I* already decided the jurisdictional question of when Plaintiff's claim accrued; and (3) both suits share the same set of transactional facts, as they arise out of Plaintiff's claim for disability retirement. *See* ECF No. 8 at 9–10. The Court agrees with the Government. Plaintiff's previous suit involved the same parties (Plaintiff and the Government); raised the same jurisdictional questions of when Plaintiff's disability retirement claim accrued and whether subsequent Board decisions give rise to separate causes of action; and involved the same set of underlying facts, as both cases ultimately revolve around Plaintiff's efforts to obtain disability retirement by being placed on the PDRL. *See Fowler I*, 174 Fed. Cl. at 429–30. Accordingly, Plaintiff's attempts to re-litigate the jurisdictional issues decided in *Fowler I* are barred by *res judicata*. *See Mark Smith Constr. Co., Inc. v. United States*, 15 Cl. Ct. 32, 36 (1988) (explaining that "[a]s a result of the prior adjudication, the parties to the prior suit are forever bound in a subsequent suit as to every matter which was offered and received, or any matter which could have been offered and received").

Although a dismissal for lack of subject-matter jurisdiction is generally not a final judgment on the merits in the sense that a plaintiff may subsequently file suit in a court that has proper jurisdiction, *see Goad v. United States*, 46 Fed. Cl. 395, 398 (2000), *res judicata* can still be applied to a specific jurisdictional issue that was previously resolved. *See Watson v. United States*, 349 F. App'x 542, 544 (Fed. Cir. 2009) ("A dismissal for lack of jurisdiction triggers the application of the doctrine of *res judicata* as to the jurisdictional issue."); *see also Mark Smith Constr.*, 15 Cl. Ct. at 36 (applying *res judicata* where the litigant "was given a full and fair opportunity to litigate the jurisdictional issue in question under both complaints").

In attempting to demonstrate this Court's jurisdiction, Plaintiff maintains that he is only challenging the BCNR's 2026 denial. *See* ECF No. 1 ¶¶ 12, 16; ECF No. 10 at 2–3, 11. Although Plaintiff argues that the Board's denial is independently reviewable, this claim has already been decided on the merits. *See Fowler I*, 174 Fed. Cl. at 430 (holding that Plaintiff's "successive permissive petitions to the BCNR did not toll the statute of limitations or create a new cause of action"). *Fowler I* also resolved the question of when Plaintiff's claim for disability retirement accrued, holding that it accrued in 1992 when Plaintiff was medically discharged from the military, transferred to retired service without pay, and placed on the TDRL. *Id.* Thus, the Court held that the statute of limitations for Plaintiff's claim expired in 1998. *Id.* As these issues were conclusively determined in *Fowler I*, for *res judicata* purposes, they were decided on the merits. *See Watson*, 349 F. App'x at 544.

The current action is also based on the same set of transactional facts as Plaintiff's previous claim in this Court. Whether two actions are based on the same set of transactional facts is determined "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1271 (Fed. Cir. 2008) (quoting Restatement (Second) Judgments § 24(2) (A.L.I. 1982)). In other words, the suits must involve "the 'same operative facts' or the 'same nucleus of operative facts.'" *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1363 (Fed. Cir. 2000) (quoting *Herrmann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). Whether the plaintiff seeks relief identical to that sought in a previous suit serves as an indication of shared transactional facts. *See Tantum v. United States*, 158 Fed. Cl. 494, 500 (2022); *Strand v. United States*, 171 Fed. Cl. 483, 492 (2024) ("[The] successive suit was

based on the same transactional facts because the plaintiff sought the same relief with respect to the same discharge.”).

In both *Fowler I* and this case, the “core error” alleged is Plaintiff’s improper designation as NPQ, when he allegedly should have been processed for disability retirement and found unfit. ECF No. 1 ¶ 4; *see also id.* ¶ 7; *Fowler I*, 174 Fed. Cl. at 426–27. Furthermore, the relief sought in both cases is very similar. In *Fowler I*, Plaintiff sought damages for back pay and benefits or, in the alternative, a remand back to the BCNR. *See* Pl.’s Compl. at 11, *Fowler*, No. 23-2095, ECF No. 1. Here, Plaintiff seeks correction of his military record, placement on the PDRL, and damages for back pay and benefits or, alternatively, a remand back to the BCNR. *See* ECF No. 1 at 10. Although not identical, there is considerable overlap in the relief sought. Additionally, both cases share the same central facts, as they revolve around Plaintiff’s separation from the Navy and the PEB’s NPQ determination. *Compare Fowler I*, 174 Fed. Cl. at 426–27, *with* ECF No. 1 ¶¶ 17–35.

Plaintiff contends that the suits do not involve the same set of transactional facts because the facts of the instant case relate to his recently submitted packet of evidence and the BCNR’s 2026 denial, which “did not yet exist” at the time of his previous suit. ECF No. 10 at 3. Although this may be true, such facts do not impact the outcome of the jurisdictional question already determined by the Court—that subsequent Board denials do not give rise to new causes of action in this Court. The “operative facts,” *Jet*, 223 F.3d at 1363 (quoting *Herrmann*, 999 F.2d at 226), or those that influence the outcome of the jurisdictional issue, remain the same, as set forth above. *See Avery v. United States*, 180 Fed. Cl. 616, 623–24 (2026) (finding that even where the plaintiff’s new suit challenged the board’s recent reconsideration denial, it was based on the same set of transactional facts as the previous suit because both challenged the same “final agency action,” *i.e.*, the action that gave rise to the plaintiff’s monetary claim), *appeal docketed*, No. 2026-1632

(Fed. Cir. Apr. 8, 2026); s*ee also Tindall v. United States*, 176 Fed. Cl. 339, 344 (2025) ("[A] jurisdictional determination may have a preclusive effect to bar matters previously litigated if the plaintiff fails to allege additional claims to cure the jurisdictional defect in a subsequent court action.") (citing *Lowe v. United States*, 79 Fed. Cl. 218, 229 (2007)), *aff'd*, No. 2025-1845, 2026 WL 60186 (Fed. Cir. Jan. 8, 2026).

The Court cannot relitigate the jurisdictional issues previously resolved in *Fowler I.* Since all elements for *res judicata* are present as to Plaintiff's argument that the Board's 2026 reconsideration decision gave rise to a new cause of action and the broader issue of when Plaintiff's disability retirement claim accrued, the Court agrees with the Government that dismissal for failure to state a claim is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (ECF. No 8) is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: August 6, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge