**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| GERRY W. FOWLER, SR., Plaintiff, v. THE UNITED STATES, Defendant. | No. 26-570<br>Filed: November 13, 2026 |

# MEMORANDUM OPINION AND ORDER

Pro se plaintiff Gerry W. Fowler, Sr., asks the Court to reconsider its August 6, 2026, Memorandum Opinion and Order dismissing this case for lack of subject-matter jurisdiction. Although Plaintiff recognizes that the statute of limitations would normally divest this Court of jurisdiction over his disability-retirement claim, he nonetheless urges the Court to overlook that defect and review a March 2026 decision by the Board for Correction of Naval Records ("BCNR"). This request is misplaced. Because the Court lacks subject-matter jurisdiction over Plaintiff's suit, the next—and only permissible—step is to dismiss it. Plaintiff mounts several other challenges to the Court's August 6 Opinion, but each lacks merit. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment under RCFC 59. Plaintiff's Motion for Status and Prompt Disposition is **DENIED AS MOOT**.

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case, which it has detailed at length in its prior opinions. *See, e.g.*, *Fowler v. United States* (*Fowler I*), 174 Fed. Cl. 423, 426–27 (2025); Mem. Op. & Order at 1–4, ECF No. 12 ("August 6 Opinion").

In short, Plaintiff was separated from the Navy in 1992 following the Physical Evaluation Board's determination that "he was not physically qualified for service based on his schizophrenia diagnosis." *Fowler I*, 174 Fed. Cl. at 426. Three years later, Plaintiff unsuccessfully petitioned the BCNR to place him on the Permanent Disability Retirement List and to grant him disability retirement pay. *Id.* Several requests for reconsideration followed, and Plaintiff filed additional applications with the BCNR in 2016 and 2019 similarly requesting disability retirement—all of which were denied. *Id.* at 427.

Plaintiff first filed an action in this Court in December 2023, challenging the BCNR's decision denying his 2019 petition. *Id.* In *Fowler I*, the Court held that Plaintiff's disability-retirement claim accrued upon his separation in 1992—or, at the latest, when the BCNR issued its initial 1995 denial decision—and that his claim was therefore untimely under 28 U.S.C. § 2501. *Id.* at 429–31, 429 n.5. Plaintiff moved to reconsider that decision, which the Court denied. *See Fowler v. United States*, No. 23-2095, 2025 WL 1833553, at *1 (Fed. Cl. July 2, 2025).

This case arises from another round of proceedings before the BCNR that Plaintiff initiated in late 2025. *See* Compl. ¶¶ 1, 12, ECF No. 1. On December 1, 2025, Plaintiff asked the BCNR to reconsider its previous decisions based on purportedly new evidence consisting of a 1997 Waco, Texas, Department of Veterans Affairs psychiatric examination report that Plaintiff obtained in February 2025 via a Freedom of Information Act request. Pl.'s Mot. for Recons. & to Alter or Amend J. at 9–10, 22–25, ECF No. 14. In March 2026, the BCNR declined reconsideration and administratively closed the matter. *Id.* at 10.

Plaintiff filed his Complaint in this case the following month. The Complaint acknowledged that *Fowler I* was dismissed for lack of jurisdiction but nonetheless asserted that the BCNR's March 2026 decision was an "independently reviewable final agency action." ECF

No. 1 ¶ 16. The Government responded with a motion to dismiss for lack of subject-matter jurisdiction, arguing that the BCNR's March 2026 decision neither restarted the limitations period governing Plaintiff's disability-retirement claim nor supplied an independent basis for jurisdiction. Def.'s Mot. to Dismiss at 5–6, ECF No. 8. The Court agreed and dismissed this case on August 6, 2026. *See generally* ECF No. 12. In doing so, the Court alternatively concluded that *Fowler I* resolved the jurisdictional issue here and that res judicata thus precluded Plaintiff from relitigating it. *Id.* at 11–15. Judgment was entered on August 7, 2026. ECF No. 13.

One week later, Plaintiff asked the Court to revisit these conclusions. He argues that this Court has jurisdiction to review the BCNR's March 2026 decision because 10 U.S.C. § 1552(a)(3)(D) imposes a duty on the BCNR to grant reconsideration requests when supported with new evidence, regardless of when those requests are filed. *See* ECF No. 14 at 12–16. He further challenges the Court's reliance on *Smalls v. United States*, 298 F. App'x 994 (Fed. Cir. 2008), its assessment of his diligence in obtaining purportedly new evidence, and its treatment of the 1997 examination report and later administrative events. *See* ECF No. 14 at 16–30. Because the Court finds it unnecessary, it declines to order a response from the Government under Rule 59(f) of the Rules of the United States Court of Federal Claims (RCFC).[1]

## II. LEGAL STANDARDS

### A. Reconsideration Under RCFC 59

A court's rulings "are not 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 301 (1999) (quoting

[1] Plaintiff filed another motion on October 14, 2026, asking the Court to, among other things, resolve his Rule 59 motion promptly. Pl.'s Status Mot. at 4, ECF No. 15. This Memorandum Opinion and Order resolves Plaintiff's RCFC 59 motion; his October 14 motion is therefore moot.

*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). RCFC 59 thus imposes "a heavy burden" on parties to show that reconsideration is warranted. *Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 96 (2005). To satisfy that burden, a party must demonstrate that reconsideration is necessary to (1) "correct manifest errors of law or fact"; (2) "present newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) accommodate "an intervening change in the controlling law." *Id.* A manifest error of law, in turn, is not mere disagreement with a court's analysis; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Nordock, Inc. v. Sys., Inc.*, 803 F.3d 1344, 1361 (Fed. Cir. 2015) (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)), *vacated on other grounds*, 580 U.S. 1028 (2016). Accordingly, RCFC 59 may not be invoked simply "to relitigate legal issues previously considered and resolved by the court." *Fla. Power & Light*, 66 Fed. Cl. at 96. "The decision whether to grant reconsideration lies largely within" a trial court's discretion. *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

**B. Tucker Act Jurisdiction and Claim Accrual**

The Tucker Act empowers this Court to resolve monetary claims against the United States but does not itself create any substantive rights. *See* 28 U.S.C. § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke the Court's jurisdiction, a plaintiff must therefore "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). A claim within the Court's jurisdiction must ordinarily be filed "within six years after such claim first accrues." 28 U.S.C. § 2501. This limitations period is "jurisdictional" and therefore not subject to equitable tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008).

As relevant here, a disability-retirement claim accrues when "the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). When a competent board denies the claim before discharge, however, accrual occurs upon discharge. *Id.* at 1225. A subsequent petition for relief neither tolls the limitations period nor creates a new claim upon denial. *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990); *see also Jones v. United States*, 30 F.4th 1094, 1100–01 (Fed. Cir. 2022).

## III. DISCUSSION

The Court has distilled Plaintiff's myriad arguments into three primary challenges. First, Plaintiff argues that a 2016 amendment to the statute governing the duties of military correction boards implicitly grants this Court jurisdiction to supervise the BCNR's compliance with those duties. Second, he asserts that his diligent pursuit of administrative relief after obtaining new evidence in February 2025 should allow him to bring his claim beyond the Court's six-year statute of limitations. Third, he challenges the Court's alternative holding that res judicata bars the instant suit. As explained below, none of these arguments demonstrate manifest error in the Court's August 6 Opinion. Plaintiff's reconsideration request is therefore denied.

### A. The BCNR's Alleged Violation of 10 U.S.C. § 1552 Does Not Establish Jurisdiction in the Court of Federal Claims.

In its August 6 Opinion, the Court explained that its jurisdiction extends only to claims grounded in a "source of substantive law that creates [a] right to money damages." *Fisher*, 402 F.3d at 1172. The source of law Plaintiff invokes here is 10 U.S.C. § 1204, which in certain circumstances entitles disabled service members to retirement pay and benefits. ECF No. 12 at 7 (quoting ECF No. 1 ¶ 8). Disability-retirement claims under § 1204—like "[a]ll claims brought before" this Court—"are subject to a six-year statute of limitations." *Id.* (citing 28 U.S.C. § 2501). This "limitations period is jurisdictional and not subject to equitable tolling." *Id.* at 5 (citing *John*

*R. Sand & Gravel*, 552 U.S. at 134). Because Plaintiff did not bring his claim in this Court until 25 years after the statute of limitations expired, the Court lacks jurisdiction. *Id.* at 7–8.

Plaintiff accepts this finding. *See* ECF No. 14 at 12 ("This motion does not challenge [the Court's] accrual holding . . . ."). To avoid its logical consequence, he seeks to distinguish this Court's jurisdiction over his disability-retirement claim from the BCNR's statutory obligations at the administrative level. *See id.* at 12–14. Plaintiff observes that Congress amended 10 U.S.C. § 1552(a)(3)(D) in 2016 to require the BCNR to entertain certain requests for reconsideration regardless of when they are filed. ECF No. 14 at 12–14; *see* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 534(a), 130 Stat. 2000, 2122 (2016). Plaintiff argues that the BCNR violated § 1552 in March 2026 when it refused to consider his new evidence. ECF No. 14 at 14–16. He appears to argue that the Court must first determine whether the BCNR complied with § 1552 before resolving the question of its jurisdiction. *Id.* at 16, 29. The Court disagrees with that sequence.

It is settled that "[s]ubject matter jurisdiction is a *threshold requirement* for a lower court[]" to exercise adjudicatory power. *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (emphasis added). After finding that it lacked jurisdiction here, the "only function remaining" for the Court was to dismiss this case. *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Any ruling on the BCNR's 2026 denial would have been "ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by [the Supreme] Court from the beginning.").

Plaintiff must therefore demonstrate that the Court has subject-matter jurisdiction *before* the Court may review the BCNR's March 2026 decision. The BCNR's alleged violation of § 1552

does not carry Plaintiff's burden. A statute that imposes an administrative duty on the BCNR does not ipso facto authorize this Court to enforce that duty—this Court has no freewheeling authority to superintend the BCNR. *See Johnson v United States*, 184 F.4th 1350, 1357 (Fed. Cir. 2026). As the Federal Circuit has explained, this Court does not exercise appellate review of BCNR decisions. *Id.* ("The Court of Federal Claims is not charged with reviewing a . . . BCNR decision on direct review . . . ."). Rather, "it considers such decisions only indirectly in the course of determining entitlement to benefits"—that is, in resolving "original suit[s]" for monetary relief. *Id.* (quoting *Friedman v. United States*, 141 Ct. Cl. 239, 258–59 (1958)). If the Court lacks jurisdiction over Plaintiff's underlying claim for monetary relief, it lacks jurisdiction to review the relevant BCNR decision, too. *See Martinez v. United States*, 333 F.3d 1295, 1311–15 (Fed. Cir. 2003) (en banc) (holding that the correction board's denial did not create a new claim because plaintiff sought the same pay that was withheld upon his 1992 separation from the armed forces). Just so here.

*Johnson* and *Martinez* thus foreclose Plaintiff's end-run around the jurisdictional defect with his claim. Both here and in *Fowler I*, Plaintiff sought disability-retirement pay under § 1204 based upon his separation from the Navy in 1992. That claim was, and remains, untimely. *See* ECF No. 12 at 11. To the extent Plaintiff has the ability to challenge the BCNR's compliance with § 1552 in this Court, it arises solely from this Court's power to adjudicate his claim for money damages under § 1204. *See Martinez*, 333 F.3d at 1315 ("[S]ection 1552 is not the 'money-mandating' statute that gives rise to the cause of action that provides the basis for a Tucker Act suit in the Court of Federal Claims.").[2] This Court has no power to compel the BCNR's

[2] Plaintiff challenges this Court's reliance on *Martinez* and other cases that pre-dated the 2016 amendment of § 1552(a)(3)(D). ECF No. 14 at 13. But he offers no reason why this changes the analysis. *Martinez* held "that because a Tucker Act claim necessarily requests monetary

compliance with the law in the abstract, nor may it exercise the authority of a federal district court to review the lawfulness of final agency action. *Cf. McDonough v. Stackley*, 245 F. Supp. 3d 1, 4 (D.D.C. 2017) ("A district court may review the decision of a military board of correction using 'familiar principles of administrative law.'" (first citing *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989); and then citing *Piersall v. Winter*, 435 F.3d 319, 323–24 (D.C. Cir. 2006))); *see also 112 Genesee St., LLC v. United States*, 172 Fed. Cl. 426, 441 (2024) ("[C]laims under the APA are beyond the jurisdiction of the Court of Federal Claims." (citing *Martinez*, 333 F.3d at 1313)). And because Plaintiff's right to bring a monetary claim against the United States based on his 1992 separation was extinguished after 1998, this Court lacks jurisdiction to resolve any arguments that he may advance in support of that claim—including the BCNR's alleged failure to reconsider its prior decisions.[3]

Accordingly, the Court finds no error—let alone manifest error—in its August 6 Opinion. *See Young v. United States*, 94 Fed. Cl. 671, 674–75 (2010) (denying reconsideration when plaintiff's arguments did not cure the jurisdictional defect with his claim).

---

damages, a Tucker act cause of action typically accrues . . . at the moment of the allegedly unlawful discharge from service." *Johnson*, 184 F.4th at 1358 (interpreting *Martinez*). It follows that "a post-discharge action by a board" does not "reset the clock" for "a Tucker Act claim, which demands money payment to which the claimant is purportedly entitled as of the moment of his discharge." *Id.* Here, Plaintiff was discharged in 1992, and under *Martinez* his Tucker Act claim accrued at that time. ECF No. 12 at 11. Nothing in § 1552(a)(3)(D) alters that conclusion.

[3] Plaintiff argues that the phrase "no matter when filed" in § 1552(a)(3)(D) "does no independent work" if the Court's six-year statute of limitations bars his claim. ECF No. 14 at 14. The Court disagrees. As Plaintiff acknowledges, the limitations period in 28 U.S.C. § 2501 and the reconsideration provision in 10 U.S.C. § 1552 address two different forums for relief, one judicial and the other administrative. *Id.* at 13. The former "governs the temporal limits of this Court's waiver of sovereign immunity," while the latter "governs when a military correction board must reconsider a determination." *Id.* The "no matter when filed" phrase does independent work at the administrative level by affording additional review for claimants who present new evidence in support of their correction requests. What it does not do, however, is reset § 2501's six-year limitations period for judicial review in this Court—and, by extension, broaden the United States' waiver of sovereign immunity—every time a claimant submits new evidence to the BCNR.

**B. Neither Plaintiff's New Evidence nor His Diligence Cure the Jurisdictional Defect.**

The Court's August 6 Opinion also acknowledged the Federal Circuit's nonprecedential opinion in *Smalls v. United States*, 298 F. App'x 994 (Fed. Cir. 2008), which suggested that subsequent petitions to the BCNR that include new evidence "may provide a basis to restart the limitations period for a disability retirement claim" if they are timely submitted. ECF No. 12 at 9. This narrow exception did not "save Plaintiff's Complaint," however, because 33 years had elapsed between Plaintiff's claim accruing and his most recent reconsideration request to the BCNR—well beyond the "short or reasonable time" that *Smalls* demands. *Id.* at 9–10.

Plaintiff argues that his diligence should be measured not from when his claim first accrued, but from when he obtained the new evidence in 2025. ECF No. 14 at 17–19. Under that timeline, Plaintiff argues, he acted diligently. Specifically, he describes the February 2025 FOIA production; his submission of the Waco examination report to the BCNR in August 2025; the continuation of post-judgment proceedings in *Fowler I* through November 18, 2025; and his submission of a new DD Form 149 thirteen days later. *Id.* at 18. These arguments fail to demonstrate any manifest legal error warranting reconsideration.

To begin, the Court has reason to doubt the continuing validity of the exception announced in *Smalls*. Indeed, the Federal Circuit's decision in *Johnson* roundly rejected the plaintiff's reliance on *Smalls* to circumvent the six-year jurisdictional time bar applicable to disability-retirement claims. *Johnson*, 184 F.4th at 1358 n.11. In doing so, the Court explained that *Smalls* does not upend the settled rule that such claims are "barred by the statute of limitations" when they are brought more than six years after they accrue—*i.e.*, from "the time of discharge" or "the first decision by an appropriate board." *Id.* In any event, Plaintiff's argument fails because *Smalls* itself emphasized the relevant starting point for assessing timely presentation of new evidence as

being when a claim accrues. 298 F. App'x at 997 ("[Plaintiff's] claim for correction of his military records *accrued* in 1992, when the Board finally denied his application. He filed suit in the Court of Federal Claims in 2007, long past the expiration of the statute." (emphasis added)). Regardless of whether Plaintiff acted diligently after receiving a response to his FOIA request in 2025, that diligence does not and cannot establish a timely claim in this Court.[4] *See Johnson*, 184 F.4th at 1358 n.11.

**C. Plaintiff Cannot Avoid the Application of Res Judicata to the Jurisdictional Questions Presented by This Lawsuit.**

Finally, the Court's August 6 Opinion held that res judicata bars Plaintiff from relitigating the issues resolved in *Fowler I*. ECF No. 12 at 15. Among them was that Plaintiff's disability-retirement claim accrued upon his discharge from the Navy in 1992. *Id.* at 13. Because Plaintiff's claim in this case was "based on the same set of transactional facts" that gave rise to *Fowler I*, the Court's prior jurisdictional ruling had preclusive effect. *Id.* This was so despite Plaintiff's later petitions to the BCNR because those petitions did not create a new cause of action in this Court and thus did not change the operative facts on which its jurisdiction depended. *Id.* at 14.

Plaintiff correctly observes that res judicata "generally does not bar claims based on material events postdating the initial complaint." ECF No. 14 at 20 (citing *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414–15 (2020)); *see also, e.g.*, *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955) (holding that earlier judgment

[4] In a similar vein, Plaintiff advances a series of merits-based arguments, including that the 1997 Waco examination report could not have been presented to the BCNR earlier, the BCNR did not consider it, and it was not duplicative of other evidence. *See* ECF No. 14 at 22–26. Plaintiff's reliance on various pieces of evidence in his case record, however, does not establish a different accrual date for his § 1204 claim—a proposition Plaintiff expressly accepts. *Id.* at 19. Even if the Court accepted these arguments, they would not alter the Court's conclusion that it lacks jurisdiction over Plaintiff's case. They thus provide no basis for reconsideration.

did not bar later antitrust suit because plaintiffs sought recovery for subsequent injuries and alleged new illegal conduct). He argues that *Fowler I* could not adjudicate the legal consequence of administrative events that occurred after that case was decided—namely, his December 2025 petition to the BCNR and the BCNR's March 2026 denial. *Id.* at 19–22, 30–31.

Plaintiff's argument misses the nuance of the Court's ruling. Of course, res judicata does not apply when a subsequent case implicates different factual and legal issues. But as the Court explained, a dismissal for lack of jurisdiction may preclude relitigation of the same jurisdictional issue when the facts "that influence the outcome of [that] issue[] remain the same"—as they do here. ECF No. 12 at 14 (citing *Avery v. United States*, 180 Fed. Cl. 616, 623–24 (2026)); *see also*, *e.g.*, *Watson v. United States*, 349 F. App'x 542, 544 (Fed. Cir. 2009) (holding that prior jurisdictional dismissal precluded the second suit because the plaintiff invoked the same statute and brought the same claims). *Fowler I* thus foreclosed renewed litigation over (1) when Plaintiff's disability retirement claim accrued and (2) whether later petitions to the BCNR revived that claim. *See* ECF No. 12 at 12–15. Because *Fowler I*'s answer to both questions completely resolved the jurisdictional issue presented by this suit, res judicata applied. Contrary to Plaintiff's suggestion, the Court's res judicata holding did not extend to the merits of Plaintiff's challenge by "adjudicat[ing] whether [the] BCNR complied in March 2026 with [its] statutory duty," ECF No. 14 at 20, nor does it broadly "preclude [judicial] review of administrative conduct" in another federal court, *id.* at 19. It operates only to preclude Plaintiff from filing suit in this Court again to assert his time-barred disability-retirement claim.

Accordingly, Plaintiff fails to demonstrate that the Court committed a "manifest error[] of law" in holding that *Fowler I* precluded relitigation of the jurisdictional issues presented by this case. *Fla. Power & Light*, 66 Fed. Cl. at 96.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and to Alter or Amend Judgment (ECF. No 14) is **DENIED**, and his Motion for Status and Prompt Disposition (ECF No. 15) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: November 13, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge

---

[5] Plaintiff also argues that reconsideration of his claim could result in a favorable outcome that allows him to obtain disability retirement payments under § 1204. *See* ECF No. 14 at 28–29. This future possibility does not presently establish jurisdiction. *See Martinez*, 333 F.3d at 1315 (holding that § 1552 could be construed as "money-mandating" in a broad sense, but that it "is not the 'money-mandating' statute that gives rise to the cause of action that provides the basis for a Tucker Act suit in the Court of Federal Claims"); *id.* at 1311 ("[T]he only money that [plaintiff] claims is owing to him is the back pay withheld from the date of his separation from active duty . . . .").